**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

JUL 06 2012

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| The proceeds, contents and any U.S. Currency | ) |
| contained in Wells Fargo's Personal Account, | ) |
| Account Number 8737000169 | ) |

Case No. 12-MR-593

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___United States___ District of
___New Mexico___ is subject to forfeiture to the United States of America under _____ U.S.C. §
___See Below___ *(describe the property)*:
18 U.S.C. § 1343, 18 U.S.C. § 513, 18 U.S.C. § 982(a)(2), 28 USC § 2461, 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(D)

Wells Fargo's Personal Account, Account Number 8737000169

The application is based on these facts:

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Nicolas Jonte, Special Agent  U.S. Secret Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-6-12

_____
*Judge's signature*

City and state:  ALBUQUERQUE, NEW MEXICO

Robert H. Scott
*Printed name and title*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

## **AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT**

### **Background**

1.    I am a Special Agent with the United States Secret Service (USSS), and have been so employed since December 2005.  As a Special Agent, I have received training at the Federal Law Enforcement Training Center, and graduated from the Special Agent Training Class at the USSS Academy.  My duties and responsibilities include investigations into possible violations of federal criminal laws of Title 18 (Wire Fraud, Access Device Fraud, Counterfeit Securities of the States and Private Entities, and other Federal Violations).

2.    In my capacity as a Special Agent, I have conducted and participated in many financial crime investigations, written multiple affidavits in support of search warrants, and participated in the execution of search and seizure warrants.

3.    In the course of my employment with the USSS, I have conducted or been involved in numerous investigations of alleged criminal violations, which have included:  Wire fraud (18 U.S.C. § 1343) Counterfeit Securities of the States and Private Entities (18 U.S.C. § 513), and Forfeiture (18 U.S.C. § 981 and 18 U.S.C. § 982).

4.    Through my training and experience, I am familiar with the methods and practices used by individuals and organizations

involved in financial crimes and illicit activities that generate large amounts of income. The methods to generate and hide large amounts of income include, among others:

    a. To generate large amounts of income individuals involved in financial crimes will solicit individuals to negotiate counterfeit instruments, such as: counterfeit personal check and counterfeit payroll checks.

    b. Individuals involved in financial crimes will deposit proceeds of their illegal activity into personal bank accounts or accounts in names other than their own.

5.    Unless stated otherwise, I have personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through my own review of the documents discussed in this affidavit and through reliable sources.

6.    Because this affidavit is made solely to seize a bank account pursuant to 18 U.S.C. § 981 and § 982, I have not included every fact known to me about this investigation.

7.    I make this affidavit in support of a warrant to seize the proceeds and contents from the following bank account owned  and utilized by Ashley Carvalho (Carvalho) to transfer, conceal, and disguise proceeds derived from counterfeit securities and wire

fraud, pursuant to 18 U.S.C. § 981 and 18 U.S.C. § 982:

**WELLS FARGO BANK account 8737000169**

8.   I further make this affidavit in support of a warrant pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461, directing Wells Fargo to freeze the contents of the account in place and to refuse the withdrawal of any amount from the account by anyone other than the USSS and while any contents of the account are frozen in place to accrue deposits, interest, and dividends, until the USSS directs that the contents of the account be finally liquidated and no contents. Freezing the contents may be appropriate in the event the bank is unable to provide the funds immediately to the Federal Agents and therefore restricts the removal and/or dissipation of the funds by the account holder(s).

## FACTS SUPPORTING PROBABLE CAUSE

**9.**   On or about July 3, 2012, Albuquerque Financial Crimes Task Force (ABQFCTF) Detective Carl Cleland (Det. Cleland) contacted me and advised that he had detained Carvalho for negotiating counterfeit payroll check at Wells Fargo.

10.   Det. Cleland informed me that on or about June 30, 2012, Carvalho deposited a payroll check (# 112652) issued by Development Co. (DBA Valdez Mobile Home Park) for $3,750.00 into

**WELLS FARGO BANK account 8737000169.**

11.  On or about July 3, 2012, Carvalho attempted to deposit another payroll check issued by Development Co. for $3,750.00 (check# 112649) into **WELLS FARGO BANK account 8737000169.** However, this time the Wells Fargo Bank Manager, Rebecca Sotelo, noticed unusual activity on Carvalho's account.

12.  On or about July 3, 2012, Ms. Sotelo telephonically contacted Development Co. and spoke to Jerald Brown, Vice President of Development Co.  Mr. Brown informed Ms. Sotelo that the payroll checks Carvalho had presented to the bank were fraudulent.  Mr. Brown stated that the checks were originally made out to other people and in different amounts.

13.  On or about July 3, 2012, Det. Cleland interviewed Carvalho. Carvalho advised that she did not work for Development Co. and that the checks were fraudulent.  Carvalho stated that she was promised 50% of all proceeds earned by negotiating the counterfeit payroll checks.

14.  On or about July 3, 2012, Carvalho advised that there was approximately $5,000.00 remaining in **WELLS FARGO BANK account 8737000169.**

15.  Criminal forfeiture upon conviction may not be sufficient to ensure the availability of the account because, by their very nature, the funds contained in the account are easily concealed,

transferred or otherwise dissipated.

16. A restraining order may not be sufficient to assure the availability of the account because by their very nature, the funds contained in the account are easily concealed, transferred or otherwise dissipated.

17. Additionally, criminal forfeiture upon conviction may not be sufficient to ensure the availability of the account for forfeiture because there is reason to believe that the account is available to Carvalho and third-parties, who cannot reasonably be relied on to abide by an order to maintain the account in substantially the same condition as it is at the present time, in order that it will be available for forfeiture.

18. Likewise, a restraining order may not be sufficient to ensure the availability of the account for forfeiture because there is reason to believe that the account is available to Carvalho, who cannot reasonably be relied on to abide by an order to maintain the account in substantially the same condition as it is at the present time in order that it will be available for forfeiture.

## CONCLUSION

WHEREFORE, your affiant respectfully requests that pursuant to 18 U.S.C. § 982(a)(2), and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461, allowing criminal forfeiture of proceeds based on 18 U.S.C.

§ 1343, 18 U.S.C. § 513 , and pursuant to 18 U.S.C. §§

981(a)(1)(C) and (D), allowing civil forfeiture of proceeds based

on 18 U.S.C. § 1343 18 U.S.C. § 513, based on the fact that the

account contains fungible proceeds which are subject to rapid

dissipation, it is hereby requested that Special Agents of the

USSS be authorized:

**To effect the seizure of all funds and monies contained in
account number 8737000169 held in the name of Ashley Carvalho at
Wells Fargo Bank located at 200 Lomas Boulevard NW Albuquerque,
New Mexico 87102.**

**To direct the financial institution, Wells Fargo, to freeze the
contents of the account in place;**

**To refuse the withdrawal of any amount from the account by anyone
other than USSS;**

**To continue to accrue deposits in the account, while any contents
of the account are frozen in place, until USSS directs that the
contents of the account be finally liquidated and no contents
remain; and/or**

**To liquidate some or all of the contents of the account at one or
more times and upon liquidation of any contents to turn over the
liquidated amount to USSS.**

Freezing the contents could occur in the event the financial

institution is unable to provide the funds immediately to USSS,

and therefore restricts the removal and/or dissipation of the

funds by the account holder.

I swear that this information is true and correct to the best of
my knowledge, information and belief.


Approved by AUSA Steve Kotz

Respectfully submitted,


Nicolas Jonte
Special Agent, USSS
Albuquerque, New Mexico


SUBSCRIBED TO AND SWORN BEFORE ME ON THIS

_____6th_____ day of ___July_____, 2012

___Robert H Scott_____
UNITED STATES MAGISTRATE JUDGE